"I promise to pay Richard Ward, or order, the just and full quantity of 725 bushels of good merchantable boiled salt, to be delivered as follows, viz., 125 bushels on 15 September next, 125 on 15 (207) October, 125 on 15 November, 125 on 15 December, 125 on 15 February, 100 on 15 May next. In case of default of payment of the aforesaid salt, I do hereby promise to pay, or cause to be paid, said Richard Ward, 20 shillings in gold or silver for every single bushel of salt as will amount to £ 725 in gold or silver, for value received. In case of default of payment of said money and salt, I do hereby empower James Spiller, attorney at law, or any other practicing attorney in this State, or elsewhere, to appear for me at any subsequent court of law and confess judgment for said sum of money. All errors and misprision of errors excepted.
SAMUEL GREEN.
8 August, 1782."Witness, etc. *Page 160 
"Know all men by these presents, that I, the within named Samuel Green, doth acknowledge myself fully indebted for the within mentioned different payments, to be punctually made at the time within mentioned, all and all the clauses and agreements of the within mentioned obligation; and in default of payment, I do hereby empower the within mentioned James Spiller, Esq., or any other practicing attorney in any court of record in this State, in default of payment as within mentioned, to enter up judgment or judgments upon the bond or obligation; and I do hereby release my said attorney from all error that may happen in entering said judgment.
 "Given under my hand and seal, this 10 August, 1782. SAMUEL GREEN (SEAL)."
On the back of said instrument are the following endorsements, viz.: "29 August — Then received first payment, which was 125 bushels of salt, in part of the within salt obligation. 29 August — Then received of Samuel Green 100 bushels of salt, in part of the within obligation, on the last payment. I say, received by Richard Jarratt."
Under the authority given in the instrument, judgment was entered up, without any writ having been served on the defendant, Samuel Green.
On the trial docket of Onslow County Court, January Term, (208) 1783, the following entry was made in the suit: "R. Ward v. S. Green, viz., judgment confessed by warrant of attorney for 725 bushels of salt, with credit for 225 bushels, at 20s. per bushel, £ 500." Execution issued against Samuel Green, returnable to October term of Onslow County Court, 1785, and was levied on defendant's land. The judgment afterwards became dormant and scire facias issued to revive it, returnable to October Term, 1787, and was afterwards dismissed. In September, 1800, this action was commenced in the county court of New Hanover, and in 1808, at February term, the cause was tried, and the jury found the bond paid, from which the plaintiff appealed.
On the trial of the cause at this term, in pursuance of an agreement of former counsel, it was submitted to the jury whether the bond had been paid previous to the judgment in the county court of Onslow. It was in evidence that at the date of the judgment Samuel Green was considered insolvent, and that he continued so to be considered until his death.
His heirs inherit land from him, and have it now in possession. When execution issued against defendant and was levied on his land, he never complained of the injustice of the judgment. He was a man careless of his business. A witness who was present at the last payment *Page 161 
endorsed upon the bond stated the bond was not present, but it was agreed, in consideration of a horse, that the sum should be credited on the bond.
The jury found a verdict for the defendant.
Motion for a new trial upon the following grounds, viz.:
1. That the verdict is against the law and evidence of the case.
2. On the ground of surprise — the present counsel being ignorant of the agreement made by the former counsel to try the cause on the merits of the bond; and, therefore, relying on the record of the judgment, were unprepared to show that proceedings to revive the former judgment had been continued from 1787 to 1799, which fact they would have shown had they been aware of the grounds on which the cause was tried, which was not admitted. (209)
A presumption in law does arise, from the payment of the last installment upon a bond, that those preceding have also been paid; but such payment must be in the manner and at the time contemplated by the parties; for whenever any course is pursued different from the terms of the contract, it of itself affords a presumption that the parties are then acting under some new agreement, and not in discharge of the first contract. In such a case, therefore, the law would not presume anything. A legal presumption only arises from the regular fulfilment of the contract, where the parties are seen acting according to the time and in the order
and manner agreed upon for the performance of the last engagement, and the performance of the preceding part is implied from the unexplained regular performance of the latter.
In this case the last payment is endorsed on the bond, but is expressly restricted to be in part payment. The judgment was obtained in January, 1783, months before the last installment was due; yet the last payment is there credited in the judgment. It must, therefore, have been an anticipated payment.
The plaintiff then issues execution and levies it on defendant's lands, who never complained of any injustice, and it appears from the testimony of the witness present when the last payment was made that it was in a horse, and was agreed to be credited on the bond.
If the contract had then been fully complied with, it is difficult to account why, instead of agreeing to credit the bond, the bond itself was not agreed to be canceled or delivered up, or why a receipt in full, or why, in short, the parties did not declare the bond paid. We cannot, therefore, perceive the least ground for presuming the bond paid, but should presume, from the whole circumstances, diametrically the reverse. *Page 162 
Wherefore, we are all of opinion the rule for a new trial should (210) be made absolute.
NOTE. — By the act of 1873 (1 Rev. Stat., ch. 31, sec. 93), all judgment bonds, etc., with power to any person to confess judgment thereon, shall be void as to the power, but may be proceeded on as common bonds.